*611 OPINION OF THE COURT
John M. Leventhal, J.
In this proceeding brought pursuant to article 81 of the Mental Hygiene Law, petitioner sought the appointment of a guardian of the person and property of her 14-year-old daughter. The alleged incapacitated person is afflicted with cerebral palsy and was awarded $56,700,000 in a medical malpractice action (although this verdict is on appeal). There was an additional settlement of $3.5 million.
A hearing was held on October 30, 2002 and this court determined that the alleged incapacitated person was in fact incapacitated and in need of the appointment of a guardian of the person and property. Petitioner was appointed guardian of the person and coguardian of the property of her daughter. John Peter Sipp, Esq. was also appointed coguardian of the property.
There is no question of incapacitation and the need for an appointment of a guardian. The incapacitated person has and will receive a very large sum of money. At the hearing it was determined that in light of these monies, the petitioner mother would not be able to obtain a bond. It was also determined that petitioner mother is not experienced in handling such a large sum of money.
A great deal of animosity exists between the incapacitated person’s natural parents who are divorced. There were accusations made by both parties, at the hearing, regarding each other’s ability to handle the finances. However, all parties agreed that an independent coguardian of the property was necessary. Counsel for petitioner suggested that the court evaluator John P. Sipp be appointed coguardian. The incapacitated person’s father also consented to this appointment.
Ordinarily, appointing an individual such as Mr. Sipp as co-guardian would be easy. Mr. Sipp gets along with both parents of the incapacitated person. He is well versed in the Mental Hygiene Law, trusts and financial matters. He is associated with a respected and regarded law firm that concentrates its practice to these areas. His office is located in Richmond County which is where the incapacitated person and both of her parents reside. Mr. Sipp has appeared before this court on numerous occasions. This court is confident that Mr. Sipp would perform his duties with the highest of standards. In short, Mr. Sipp falls well within the standard set forth by our *612 Legislature as being the individual most suitable to exercise the powers necessary to assist the incapacitated person (Mental Hygiene Law § 81.19 [a] [1]).
However, what has become known as the “Birnbaum Commission” issued a report in December 2001. The report noted that the appointment of a court evaluator as a guardian might pose a conflict (Report of Commn of Fiduciary Appointments, at 23-24, 38-39 [Dec. 2001]). This report resulted in the most recent amendment to the Rules of the Chief Judge. 22 NYCRR 36.2 (c) (10) prohibits the appointment of the court evaluator as guardian except under extenuating circumstances. Thus, in order for this court to comply with the law as set forth in the Mental Hygiene Law to appoint the most suitable person, it must make a finding of extenuating circumstances.
Accordingly, this court finds that there are extenuating circumstances that warrant Mr. Sipp’s appointment. First and foremost, as discussed above, Mr. Sipp is more than qualified. Further, he is able to get along with both parents of the incapacitated person and they consent to this appointment. His office is conveniently located and is accessible to the parties. This court has the highest of confidence in Mr. Sipp. As such, he is appointed coguardian of the property along with petitioner, Gloria Meyers.